UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARJORIE TYLKE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>LAW OFFICE OF JOE PEZZUTO, LLC, and CACH, LLC,<br><br>    Defendants. | Case No.: 14-cv-660<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Marjorie Tylke is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Law Office of Joe Pezzuto, LLC ("Pezzuto") is a law office with its principal offices at 4013 E. Broadway Rd., Suite A2, Phoenix, AZ 85040.

6. Pezzuto is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Pezzuto is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Pezzuto is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

9. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. CACH uses third party debt collectors and attorneys, including Pezzuto, to collect allegedly defaulted debts that have been assigned to CACH.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, CACH) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

2

13.     CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Pezzuto's actions. 15 U.S.C. § 1692a(6).

## FACTS

14.     On or around October 8, 2013, Pezzuto mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to CACH. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

15.     The alleged debt identified in <u>Exhibit A</u> was for an alleged personal credit card account, allegedly owed to CACH.

16.     The alleged debt identified in <u>Exhibit A</u> was originally owed to "InfiBank, N.A.," and was incurred only for personal, family or household purposes.

17.     Upon information and belief, <u>Exhibit A</u> is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

18.     <u>Exhibit A</u> contains the following text:

> Dear Marjorie Tylke:
>
> As you know from our first letter, we represent the above named CACH, LLC. This letter is to inform you that we have been authorized to offer you a settlement (reduction) on the remaining balance. This offer may expire soon so please call our office for details. At this time, no attorney with our law firm has personally reviewed the particular circumstances of your account. We are acting solely in our capacity as debt collectors.

<u>Exhibit A</u>.

19.     The statement in <u>Exhibit A</u> that the "offer may expire soon" is false and misleading to the unsophisticated consumer

20.     Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

21.     Upon information and belief, Pezzuto had authority from CACH to settle Plaintiff's account at any time.

3

22. Upon information and belief, the statement that the settlement offer "may expire soon" is false. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

23. Pezzuto's misrepresentation is a material misrepresentation because it misleads the unsophisticated consumer about the risk of settlement offer expiration.

24. "Expiration" language is merely a tactic to get consumers to pay anything on old debts that CACH purchased for pennies on the dollar, especially when an alleged debt has been sold to a debt buyer like CACH. *See* FTC, *The Structure and Practices of the Debt Buying Industry*, January, 2013 at 23 (available at http://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf (Average purchase price for consumer credit card debt is 4.0 cents on the dollar).

25. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

27. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. Exhibit A includes false statements to the effect that the settlement offer may expire soon.

30. Upon information and belief, CACH and/or Pezzuto would settle Plaintiff's and class members' debts at the offered discount and likely for less, at any time.

4

31. Exhibit A misleads the unsophisticated consumer about the probability that a settlement offer will expire.

32. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

33. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) that is allegedly owed to CACH, LLC, (e) on or after June 6, 2013, (f) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

5

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 6, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com

6

Case 2:14-cv-00660-LA   Filed 06/06/14   Page 6 of 6   Document 1